[Civ. No. 18246.   Second Dist., Div. One.   Oct. 29, 1951.]

HAROLD P. OLSTAD, as Administrator, etc., et al., Appellants, v. ARTHUR OLSTAD, Respondent.

R. C. W. Friday for Appellants.

Clarence L. Belt for Respondent.

HANSON, J. pro tem.—This is an appeal from a judgment in an action for partition and to quiet title to a parcel of realty.

Appellant's complaint below charged that the deceased mother of the plaintiff and the defendant died intestate and that during her lifetime had conveyed her interest in the family home to the defendant without consideration and that plaintiff as a consequence was vested with an interest in the property.

Upon the trial the defendant testified that the interest

which his mother had in the property was purchased by him from appellant and conveyed by appellant, at the request of defendant, to the mother to hold in trust for the defendant. The trial court believed the testimony of the defendant and rendered judgment in his favor.

At the trial below, appellant, evidently realizing that he could not sustain his cause of action as pleaded, endeavored, without seeking leave to amend his complaint, to introduce evidence tending to show that the decedent was incompetent at the time she executed the deed conveying her interest of record in the property to the defendant.

Assuming, for the sake of argument only, that evidence was admissible as to her incompetency under the issues as made, it is yet apparent that the defendant was entitled to the judgment rendered, if the court believed, as it did, that the testimony of the defendant represented the true fact and that the decedent was not incompetent as charged by the plaintiff.

As there is no challenge and, indeed, there could not be, to the sufficiency of the evidence to sustain the only issue tendered by the pleadings the judgment is affirmed and the appeal from the order denying a new trial is dismissed.

White, P. J., and Doran, J., concurred.